UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELVIN GRAHAM MCCLAIN,

    Petitioner,

vs.                                          Case No. 3:06-cv-622-J-12HTS

JORGE L. PASTRANA, WARDEN,

    Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Miami, Florida, initiated this action by filing a "Petition for Writ of Habeas Corpus Under 28 [U.S.C.] § 2241" (Doc. #1) (hereinafter Petition) on June 5, 2006, in the United States District Court for the Southern District of Florida. That court construed the action as a motion filed pursuant to 28 U.S.C. § 2255 and transferred it to this Court since Petitioner attacks a sentence imposed by this Court in case number 3:88-cr-215-J-12HTS.

Insofar as Petitioner attempts to bring this action pursuant to 28 U.S.C. § 2241, his claims are not properly before this Court. A petitioner may bring an action under § 2241 only if the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.

> An application for a writ of habeas corpus in behalf of a prisoner who is

> authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. § 2255 (emphasis added).

The emphasized portion of the above-quoted section is referred to as the "saving clause." Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

> The savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised." Id. at 1244. To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited. Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003).

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (per curiam).

Here, Petitioner argues that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention because he is barred from filing a successive motion under § 2255.[1]

---

[1] Petitioner has previously challenged the sentence imposed in case number 3:88-cr-215-J-12HTS by filing two motions pursuant to § 2255.

2

The Court notes that Petitioner may not attempt "to use § 2241 simply to escape the restrictions on second or successive § 2255 motions." Wofford, 177 F.3d at 1245.

Petitioner has failed to come "forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam) (citing Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969)). Additionally, Petitioner's claims do not meet the criteria announced in Wofford to fall within the savings clause of § 2255.[2] Thus, Petitioner's claims are not cognizable in a § 2241 action.

Furthermore, to the extent that this action has been construed as a motion filed pursuant to 28 U.S.C. § 2255, this case is due to be dismissed because Petitioner has not obtained authorization to file a second or successive § 2255 motion. A federal prisoner is permitted to file a second or successive post-conviction motion "in only the narrowest of circumstances." Wofford, 177 F.3d at 1237.

---

[2] In the Petition, Petitioner attacks his sentence pursuant to the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). However, the Court notes that the holdings in Apprendi, Blakely and Booker are not retroactively applicable to cases on collateral review. See Valera v. United States, 400 F.3d 864, 867-68 (11th Cir.) (per curiam), cert. denied, 126 S.Ct. 312 (2005); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 536 U.S. 906 (2002).

3

It is clear:

> [F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:
>
>> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;
>
> or
>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255.

In re Blackshire, 98 F.3d 1293 (11th Cir. 1996) (per curiam).

As noted previously, Petitioner has filed two motions pursuant to § 2255 to challenge the sentence imposed in case number 3:88-cr-215-J-12HTS. The second § 2255 motion was dismissed without prejudice to his right to seek authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion. However, Petitioner admits that the Eleventh Circuit has denied his request to file a second or successive § 2255 motion. See Petition

at 7. Thus, this case will be dismissed without prejudice to Petitioner's right to file a § 2255 motion if he receives the requisite authorization from the Eleventh Circuit.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice to Petitioner's right to file a second or successive motion pursuant to 28 U.S.C. § 2255 if Petitioner receives authorization to do so from the Eleventh Circuit.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19TH day of July, 2006.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 7/19
c:
Melvin Graham McClain